IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Lasheena Scott,<br><br>    Plaintiff,<br><br>    vs.<br><br>Equifax Information Services, LLC,<br>a Georgia limited liability company, and<br>USAA Federal Savings Bank,<br>a foreign company,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, LASHEENA SCOTT, BY AND THROUGH COUNSEL, Jeremy Huang, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. Venue is proper in the Eastern District of Virginia, Alexandria Division, as the Defendants conduct business in the state of Virginia.

## PARTIES

4. Plaintiff is a natural person residing in Stafford, Stafford County, Virginia.

5. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the state of Virginia; and

    b. USAA Federal Savings Bank ("USAA") is a foreign company that conducts business in the state of Virginia.

## GENERAL ALLEGATIONS

6. USAA is inaccurately reporting its trade line ("Errant Trade Line") in Plaintiff's Equifax credit file by failing to report that the subject account was discharged.

7. Prior to August 5, 2016, Ms. Scott filed for Chapter 7 bankruptcy.

8. On or about August 5, 2016, Ms. Scott received a discharge from the bankruptcy court.

9. On or about August 14, 2017, Ms. Scott obtained her credit files and discovered USAA reporting the Errant Trade Line with an inaccurate status.

10. On or about November 28, 2017, Ms. Scott submitted a letter to Equifax disputing the Errant Trade Line.

11. In the dispute letter, Ms. Scott explained that the Errant Trade Line was discharged in bankruptcy, attached the Order of Discharge and asked the credit bureaus to report the Errant Trade Line as discharged in bankruptcy.

12. Upon information and belief, Equifax forwarded Ms. Scott's consumer dispute to USAA.

13. On January 15, 2018, Ms. Scott obtained her Equifax credit file, which showed that USAA continued to report the Errant Trade Line with an inaccurate status.

14. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

**COUNT I**

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY USAA

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. After being informed by Equifax of Ms. Scott's consumer dispute of the inaccurate status on the Errant Trade Line, USAA negligently failed to conduct a proper investigation of Ms. Scott's dispute as required by 15 USC 1681s-2(b).

17. USAA negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Equifax to correct the inaccurate status on the Errant Trade Line.

18. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Scott's consumer credit file with Equifax to which it is reporting such trade line.

19. As a direct and proximate cause of USAA's negligent failure to perform its duties under the FCRA, Ms. Scott has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

20. USAA is liable to Ms. Scott by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

21. Ms. Scott has a private right of action to assert claims against USAA arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant USAA for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY USAA

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Equifax that Ms. Scott disputed the accuracy of the information it was providing, USAA willfully failed to conduct a proper reinvestigation of Ms. Scott's dispute, and willfully failed to direct Equifax to correct the inaccurate status on the Errant Trade Line.

24. USAA willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of USAA's willful failure to perform its duties under the FCRA, Ms. Scott has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. USAA is liable to Ms. Scott for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in

the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant USAA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Scott as that term is defined in 15 USC 1681a.

29. Such reports contained information about Ms. Scott that was false, misleading, and inaccurate.

30. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Scott, in violation of 15 USC 1681e(b).

31. After receiving Ms. Scott's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

32. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Scott has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

33. Equifax is liable to Ms. Scott by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Scott as that term is defined in 15 USC 1681a.

36. Such reports contained information about Ms. Scott that was false, misleading, and inaccurate.

37. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Scott, in violation of 15 USC 1681e(b).

38. After receiving Ms. Scott's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

39. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Scott has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

40. Equifax is liable to Ms. Scott by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: March 28, 2018

                                                By:  */s/*
                                                Jeremy Huang
                                                WOEHRLE DAHLBERG
                                                JONES YAO PLLC
                                                10615 Judicial Drive, Suite 102
                                                Fairfax, VA 22030
                                                (703) 755-0214
                                                jhuang@lawfirmvirginia.com

                                                Attorney for Plaintiff,
                                                Lasheena Scott